Frost, J.
dissenting. I dissent from the judgment of the court in this case, on the ground, that the change in the road made by the commissioner Mr. Tyler, was so great and material, as to amount to the laying out of a new road, And secondly, that the Board of Commissioners were not by *350 law empowered to lay out a new road, without first giving public notice, which the resolution of December, 1840, conclusively shows was not given with respect to the road as altered. Nor does the verdict of the jury warrant the conclusion, that the change in the road was not so material, in their opinion, as to constitute a new road, nor that they found that the-notice was given, because they were not instructed of the law on these points, so decisively as to warrant such conclusion from their verdict.
Curia, per
Evans, J.
In the second case. In the case between the same parties, in which the opinion of the court has just been .read, I have had occasion to discuss the question which decides this case. The default for which this action was brought, occurred before the 6th December, 1840, when the alteration in the road, along the travelling bank, which had been made by the Commissioner Tyler, was adopted by the board ; until so adopted by the Board of Commissioners, it was not a public road, and the defendant was not bound to work it. It is true the default was in his declining to work on any part of the road; but the summons was to work on the road, and the place designated to meet was on the altered part, and it was manifest that the object in calling out the hands, was, in part at least, to require of them a duty which they were not bound to perform. We think the instructions of the presiding Judge were right, and the motion is dismissed.
Richardson, O’Neall, Butler, and Wardlaw, JJ. concurred.